Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
mstafford@sjlawcorp.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY AREA PAINTERS AND TAPERS PENSION TRUST FUND, et al. | Case No.: C13-2033 CW |
| Plaintiffs, | **NOTICE AND ACKNOWLEDGMENT;** |
| v. | **and JUDGMENT PURSUANT TO STIPULATION** |
| J.F. McCRAY PLASTERING, INC., a California Corporation, | |
| Defendant. | |

IT IS HEREBY STIPULATED by and between the parties hereto, that Judgment may be entered in the within action in favor of the Plaintiffs, BAY AREA PAINTERS AND TAPERS PENSION TRUST FUND, et al. (collectively "Plaintiffs" or "Trust Funds") and against Defendant J.F. McCRAY PLASTERING, INC., a California Corporation, and/or its successor entities ("Defendant"), as follows:

1.      Defendant entered into a valid Collective Bargaining Agreement with the District Council 16 of the International Union of Painters and Allied Trades AFL-CIO (hereinafter "Bargaining Agreement"). This Bargaining Agreement has continued in full force and effect to the present time.

2.      DIANE KAY McCRAY, President of J.F. McCRAY PLASTERING, INC., acknowledges receipt of the following documents in this action on behalf of Defendant J.F. McCRAY PLASTERING, INC., a California Corporation: Summons; Complaint; Certification of

1   Interested Entities or Persons Pursuant to Local Rule 3-16; Order Setting Initial Case Management

2   Conference and ADR Deadlines; Judge Laporte's Standing Order Re Case Management

3   Conference; Standing Order for All Judges of the Northern District of California, Contents of Joint

4   Case Management Statement; Notice of Assignment of Case to a United States Magistrate Judge for

5   Trial; Consent to Proceed Before A United States Magistrate Judge (Blank Form); Declination to

6   Proceed Before a Magistrate Judge and Request For Reassignment to A United States District Judge

7   (Blank Form); ECF Registration Information Handout; Welcome to the U.S. District Court; ADR

8   Dispute Resolution Procedures in the Northern District of California; Instructions for Completion of

9   ADR Forms Regarding Selection of and ADR Process; Stipulation and [Proposed] Order Selecting

10  ADR Process (Blank Form); Notice of Need for ADR Phone Conference (Blank Form); ADR

11  Certification By Parties and Counsel (Blank Form).

12       3.     DIANE KAY McCRAY acknowledges that she is the CEO/President of J.F.

13  McCRAY PLASTERING, INC., and specifically consents to the Court's jurisdiction for all

14  proceedings herein. Ms. McCray, (hereinafter "Guarantor") also confirms that in consideration of

15  the within payment plan she is personally guaranteeing the amounts due pursuant to the terms of

16  this Stipulation.

17       //

18       //

19       //

20       //

21       //

22       //

23       //

24       //

25       //

26       //

27       //

28       //

4.     Defendant has become indebted to the Trust Funds as follows:

| | | | |
|---|---|---|---|
| 10/12 Contribution balance[1] | $40,494.23 | | |
| 3/13 Contributions | $11,929.60 | | |
| 4/13 Contributions | $11,315.20 | | |
| Liquidated Damages (8-10/12; 12/12-4/13) | $8,368.24 | | |
| 5% Interest (through 5/6/13) | $3,481.80 | | |
| Subtotal: | | $75,589.07 | |
| Attorneys' Fees (11/26/12-5/6/13) | | $8,283.00 | |
| Costs of Suit | | $350.00 | |
| Subtotal: | | | $84,222.07 |
| *Credit for 3/13 Contribution payment[2]* | | | *(-$11,929.60)* |
| **Subtotal:** | | | **$72,292.47** |

5.     Defendant shall pay the amount of $72,292.47, representing the amounts described in Paragraph 4 above, as follows:

(a)     Defendant shall pay to Plaintiffs the amount of **$31,798.24** (representing all amounts described above, except for the October 2012 contribution balance)**,** to be <u>received</u> on or before May 31, 2013.

(b)     For a period of three (3) months, beginning on or before June 15, 2013, and on or before the 15th day of each month thereafter, through and including August 15, 2013, Defendant/Guarantor shall pay to Plaintiffs the amount of **$13,550.00 per month**.

(c)     Payments shall be made payable to the "*District Council 16 Northern California Trust Funds*" and delivered to Muriel B. Kaplan at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104, or to such other address as may be specified by Plaintiffs.

(d)     Payments shall be applied first to unpaid interest and then to unpaid principal. The unpaid principal balance shall bear interest at the rate of 5% per annum, from <u>March 7, 2013</u>, in accordance with Plaintiffs' Trust Agreements.

---

[1] The Trust Fund administrator has confirmed to Plaintiffs' counsel that a balance of $40,494.23 remains due for an October 2012 contribution balance, following receipt of payment for timecards submitted prior to their receipt of Defendant's October 2012 contribution report. (The administrator recently advised Plaintiffs' counsel that said report had not been received; Plaintiffs' counsel therefore provided a copy of that report, which they received from Defendant on or about December 3, 2012, to the administrator.)

[2] Payment of March 2013 contributions was recently received by check numbered 30699, issued May 7, 2013, and will be credited as shown above, upon bank clearance

P:\CLIENTS\PATCL\J.F. McCray Plastering, Inc\Pleadings\C13-2033 EDL - Judgment Pursuant to Stipulation 051013.doc

1      (e)     Defendant shall pay all additional costs and attorneys' fees incurred by

2    Plaintiffs, following those included in ¶4 herein, in connection with preparation of this Stipulation,

3    and collection and allocation of the amounts owed by Defendant to Plaintiffs, regardless of whether

4    or not there is a default herein.

5      (f)     Prior to the deadline for Defendant's last payment toward the balance owed

6    under the Stipulation, Plaintiffs shall notify Defendant in writing of the final amount due, including

7    any additional attorneys' fees and costs, as well as any other amounts due under the terms herein.

8    Any additional amounts due pursuant to the provisions hereunder shall be paid in full with the final

9    stipulated payment.

10      (g)     Failure to comply with any of the above terms shall constitute a default of

11    Defendant's obligations under this Stipulation and the provisions of ¶12 shall apply.

12      6.     Beginning with contributions due for hours worked by Defendant's employees

13    during the month of April 2013, which are due on May 15, 2013 and delinquent if not received by

14    May 31, 2013, and for every month thereafter, until this Judgment is satisfied, Defendant/Guarantor

15    **shall remain current in reporting and payment of any contributions** due to Plaintiffs under the

16    current Collective Bargaining Agreement and under all subsequent Collective Bargaining

17    Agreements, if any, and the Declarations of Trust as amended. **Defendant shall timely submit a**

18    **copy of all contribution reports for each month, together with a copy of the payment check(s),**

19    **by facsimile or email to Muriel B. Kaplan at 415-882-9287, or by email to both**

20    **mkaplan@sjlawcorp.com** *and* **ethurman@sjlawcorp.com or to such other fax number or**

21    **email address as may be specified by Plaintiffs, <u>concurrent with sending the payment to the</u>**

22    **<u>Trust Fund deposit box.</u>** Plaintiffs' counsel acknowledges receipt of a copy of Defendant's April

23    2013 report. Failure by Defendant to timely submit copies of current contribution reports and

24    payments to Muriel B. Kaplan as described above shall constitute a default of the obligations under

25    this agreement.

26      7.     Defendant shall make full disclosure of all jobs on which it is working by providing

27    Plaintiffs with a monthly job report on the form attached hereto as *Exhibit A*, including, but not

28    limited to, the name and address of job, general contractor information, certified payroll if a public

works job, start date and anticipated completion date, of each job. **Defendant shall submit said updated list each month (as required in above ¶6, by fax or email).** This requirement remains in full force and effect regardless of whether or not Defendant has ongoing work. In this event, Defendant shall submit a statement stating that there are no current jobs. Failure by Defendant to timely submit updated monthly job reports shall constitute a default of the obligations under this agreement.

8.    Failure by Defendant/Guarantor to remain current in reporting or payment of monthly contributions owed shall constitute a default of the obligations under this agreement. Any such unpaid or late paid contributions, together with 20% liquidated damages and 5% per annum interest accrued on contributions, shall be added to and become a part of this Judgment and subject to the terms herein. Plaintiffs reserve all rights available under the applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of current and future contributions, and for any additional past contributions not included herein as may be determined by Plaintiffs, pursuant to employee timecards or paystubs, by audit, or other means, and the provisions of this agreement are in addition thereto. Defendant/Guarantor specifically waives the defense of the doctrine *res judicata* as to any such additional amounts determined as due.

9.    Should the Trust Funds request an audit of Defendant's payroll to confirm proper reporting and payment of contributions, any failure to comply with said request, or with an audit in progress, shall constitute a default of the obligations under this Agreement. Any amounts found due and undisputed shall be promptly paid by Defendant. Any failure to pay such amounts shall constitute a default of the obligations under this agreement, and all amounts due and unpaid shall immediately become part of this Judgment, subject to proof.

10.    Default shall occur for any check not timely submitted, returned by the bank, or unable to be negotiated for any reason for which Defendant/Guarantor is responsible; for failure to submit contribution reports, and/or certified payroll reports (if any) and/or job lists, or to comply with *any* of the terms of the Stipulation herein.

11.    If a default occurs, Plaintiffs shall make a written demand, sent to Defendant/Guarantor by facsimile to 916-371-1115 and by regular mail, to cure said default within

**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C13-2033 CW**

1   seven (7) days of the date of the notice from Plaintiffs. If Defendant or Guarantor elect to cure said

2   default, and Plaintiffs elect to accept future payments, all such payments shall be made by cashier's

3   check if the default is caused by a failed check.

4       12.    In the event the default is not cured:

5       (a)    All amounts remaining due hereunder, as well as any additional amounts due

6   pursuant to the terms herein, shall be due and payable on demand by Plaintiffs;

7       (b)    A Writ of Execution may be obtained against Defendant and Guarantor

8   without further notice, in the amount of the unpaid balance, plus any additional amounts due under

9   the terms herein. The declaration of a duly authorized representative of the Plaintiffs setting forth

10  any payment theretofore made by or on behalf of Defendant/Guarantor, and the balance due and

11  owing as of the date of default, shall be sufficient to secure the issuance of a Writ of Execution;

12      (c)    Defendant and Guarantor waive notice of entry of judgment and expressly

13  waive all rights to stay of execution and appeal.

14      13.    Any failure on the part of the Plaintiffs to take any action against Defendant or

15  Guarantor as provided herein in the event of any breach of the provisions of this Stipulation shall

16  not be deemed a waiver of any subsequent breach by the Defendant or Guarantor of any provisions

17  herein.

18      14.    In the event of the filing of a bankruptcy petition by Defendant or Guarantor, the

19  parties agree that any payments made by Defendant or Guarantor pursuant to the terms of this

20  judgment, shall be deemed to have been made in the ordinary course of business as provided under

21  11 U.S.C. Section 547(c)(2) and shall not be claimed by Defendant or Guarantor as a preference

22  under 11 U.S.C. Section 547 or otherwise. Defendant and Guarantor nevertheless represent that no

23  bankruptcy filing is anticipated.

24      15.    Should any provision of this Stipulation be declared or determined by any court of

25  competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and

26  enforceability of the remaining parts, terms or provisions shall not be affected thereby and said

27  illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this

28  Stipulation.

-6-
**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C13-2033 CW**

16.     This Stipulation is limited to the agreement between the parties with respect to the delinquent contributions and related sums enumerated herein, owed by Defendant or Guarantor to the Plaintiffs. This Stipulation does not in any manner relate to withdrawal liability claims, if any. Defendant and Guarantor acknowledge that the Plaintiffs expressly reserve their right to pursue withdrawal liability claims, if any, against Defendant and/or Guarantor as provided by the Plaintiffs' Plan Documents, the Trust Agreements incorporated into the Collective Bargaining Agreement, and the law.

17.     This Stipulation contains all of the terms agreed by the parties and no other agreements have been made. Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

18.     This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

19.     The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

All parties and the Guarantor represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, that they have read this Stipulation with care and are fully aware of and represent that they enter into this Stipulation voluntarily and without duress.

Dated:  May 21, 2013          **J.F. McCRAY PLASTERING, INC. a California Corporation**

By:  _____/S/_____
     DIANE KAY McCRAY,
     its CEO/President

Dated:  May 21, 2013          **DIANE KAY McCRAY, individual Guarantor**

By:  _____/S/_____
     DIANE KAY McCRAY

1  Dated:  May 21, 2013                     **SALTZMAN & JOHNSON LAW**
                                            **CORPORATION**

2

3                                  By:  _____/S/_____

4                                        MURIEL B. KAPLAN
                                         Attorneys for Plaintiffs

5  **IT IS SO ORDERED.**

6

7  Dated:  _____May 22__, 2013      _____
                                           UNITED STATES DISTRICT COURT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                                                    -8-
                                            **JUDGMENT PURSUANT TO STIPULATION**
                                                        **Case No.: C13-2033 CW**